**Peter J. BRENNAN, Secretary of Labor, Petitioner,**

**v.**

**The VERNE–WOODROW COMPANY and Occupational Safety and Health Review Commission, Respondents.**

**No. 73–3134**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

May 28, 1974.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**1182**

———◆———

Walter H. Fleischer, Stanton R. Koppel, Civil Div., Appellate Section, Dept. of Justice, Washington, D. C., for petitioner.

W. V. Woodrow, pro se.

William S. McLaughlin, Exec. Secretary, Occupational Safety and Health

1. This appeal is authorized by 29 U.S.C. § 660(b) (Supp.1972–73).

2. 29 C.F.R. 1926.105(a) (1973) provides as follows:
   "(a) Safety nets shall be provided when workplaces are more than 25 feet above

Review Commission, Washington, D. C., for the Commission.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

This appeal [1] is taken from a final order of the Occupational Safety and Health Review Commission, vacating a citation and proposed penalty issued by the Secretary of Labor against Verne-Woodrow Company for violating 29 C.F.R. 1926.105(a).[2] We reverse.

This case is controlled by our decision in Brennan v. Southern Contractors Service Company and Occupational Safety and Health Review Commission, 492 F.2d 498 (5th Cir. 1974). There, as here, it was uncontroverted that the employer had failed to provide its employees working at a height over 25 feet above ground with one of the safety devices listed in 29 C.F.R. 1926.105(a). There, as here, the Secretary's expert witness testified the use of safety belts was practical at the employment site. And finally, there, as here, the Commission countermanded the Secretary, holding that where it is practical to use a safety belt, an employer who fails to do so nevertheless is not in violation of 29 C.F.R. 1926.105(a). This court having previously rejected the Commission's strained construction of the regulation in *Southern Contractors*, we are compelled to reject it now.

Accordingly, the order of the Commission is reversed and the case is remanded with directions to reinstate the citation and penalty imposed by the Secretary of Labor.

Reversed and remanded with directions.

the ground or water surface, or other surfaces where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts is impractical."